1  Gilbert Geilim, ESQ.
   (STATE BAR-NUMBER -117508)
2  514 N.Camden Dr.
3  Beverly Hills, CA 90210
   Office (818) 804-4114 Fax (818) 804-4119
4  grglaw7@gmail.com
5  Attorney for:
   Larissa Kirakosian

**FILED**

**JUL - 6 2018**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

6
7
                    UNITED STATES BANKRUPTCY COURT

        CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

8  In Re:                          )  CASE NO.:  1:18-bk-11359-MB
                                   )
   LARISSA KIRAKOSIAN,             )  CHAPTER   13
9                                  )
            Debtor.                )  OPPOSITION TO MOTION FOR RELIEF
10                                 )  FROM THE AUTOMATIC STAY, AND
                                   )  DECLARATION OF LARISSA
11                                 )  KIRAKOSIAN IN SUPPORT
                                   )
12                                 )
                                   )  Date:  July 18, 2018
13                                 )  Time:  10:00 a.m.
                                   )  Ctrm:  303
14 _____)

15     TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY

16 JUDGE, AND MOVANT:

17     Larissa Kirakosian ("Debtor) files her Opposition to the Motion For Relief From The

18 Automatic Stay ("Motion") filed by Aran Investments Inc., its Successors and Assigns.

19     1.     The Debtor owned the home located at 17966 Valley Vista Blvd., Los Angeles,

20 CA.  The Debtor still resides there.  It has been her home since she bought it in January, 2016.

21 A true and correct copy of the Buyer's Closing Statement is attached as Exhibit "1" and

22 incorporated by reference.  The lender for the purchase was Banc of California, National

   Association.

23
24     2.     Unfortunately, because of certain medical issues, the loan went into default, and

25 the Debtor filed a Chapter 13 Petition and was assigned case number 18-10905.  That case was

   dismissed on April 13, 2018.  The Debtor filed the instant Chapter 13 Petition on May 29, 2018,

26 In Pro Se.  She filed her full Petition, Schedules and Chapter 13 Plan.  The case was dismissed on

27 June 18, 2018 because the Debtor apparently failed to file a document.  On June 19, 2018, the

28

                                       1

1    Debtor filed a Motion to vacate the dismissal, which was granted by Order entered on June 22,

2    2018. It appears that the dismissal was in error because the Debtor did file all of the necessary

3    documents. Accordingly, the automatic stay should have remained in place during the short time

4    the case was dismissed.

5         3.    However, while the case was dismissed, the creditor effectively ran to conduct its

6    foreclosure sale, which occurred on June 19, 2018. It is baffling to see how the lender could

7    have foreclosed, literally, the day after the case was first dismissed. Was the foreclosure sale

8    conveniently scheduled for the day after the Dismissal? How is that possible? The Debtor has

9    very serious concerns about the validity and legitimacy of the foreclosure sale. Before the

10    Motion can be heard on the merits, the lender and Movant should be forced to prove, even just on

11    the surface, how the foreclosure sale is valid under California law.

12         4.    Upon learning of the sale, the Debtor immediately contacted the lender to inform

13    them of this error. The lender said it would reverse the sale if and when the dismissal was

14    vacated. However, the lender is now unwilling to do so.

15         5.    The Motion provides various grant deeds and a deed of trust. The Debtor has no

16    knowledge of any of these documents, nor has any knowledge of any of the persons listed on the

17    grant deeds and deed of trust. The Debtor is a victim of hijacking by these nefarious individuals.

18    And the Debtor was not nor is not involved in any of these transactions.

19         6.    Indeed, the Debtor has been in contact with a real estate agent and seeks to list and

20    sell the property for approximately $1,700,000. This price will pay off the lender who had the

21    Note and Deed of Trust when the Debtor purchased the home. Indeed, the lender did not

22    previously foreclose because the Debtor had submitted a loan modification package. However,

23    while that was under review, the loan was apparently transferred, and the new lender (Aver

24    Investments) immediately sought to foreclose. It more than appears the lender violated

25    California foreclosure law by ignoring the loan modification package and sought to immediately

26    foreclose. It also appears the Substitution of Trustee was sent and recorded after the Notice of

27    Trustee's Sale was recorded and this violates California law as well.

28         7.    The Motion is wrong for many reasons. It says the Debtor filed only a few of the

1    required documents. That is blatantly false, as a simple review of the Docket will confirm. The

2    Motion alleges the case was filed in bad faith; the Debtor disputes this. The Motion fails to

3    explain why it alleges this case was filed in bad faith. If the basis is because there was one prior

4    case, that argument should fall flat on its face. Indeed, that is not the law in the Ninth Circuit.

5    Multiple filings, two cases alone is bot a basis for a bad faith conclusion.

6        8.    The Motion seeks annulment of the stay, and the Debtor objects to this request.

7    Annulment is an extraordinary remedy. First, annulment is within the discretion of the Court; it

8    is certainly not mandatory. In 40235 Washington Street Corporation, a California Corporation,

9    v. W. C. Lusardi, 329 F.3d 1076 (9th Cir. 2003), the Court held that Section 362(a) of the

10   Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic "stay,

11   applicable to all entities, of," inter alia, "any act to create, perfect, or enforce any lien against

12   property of the estate." 11 U.S.C. § 362(a). The scope of the automatic stay is broad.    In re

13   Bialac, 694 F.2d 625, 627 (9th Cir. 1982).

14       9.    In National Environmental Waste, 129 F.3d 1052 (9th Cir. 1997) the Ninth Circuit

15   noted that in deciding whether to annul the stay and grant relief from stay retroactively, many

16   courts focus on two factors: "(1) whether the creditor was aware of the bankruptcy petition; and

17   (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result

18   to the creditor." 129 F.3d at 1055. However, in addition to considering these two factors, a court

19   must "balance[ ] the equities in order to determine whether retroactive annulment is justified." Id.

20   Such a determination necessarily involves a "case by case analysis." Id., citing Christensen v.

21   Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990).

22       10.   In In re Fjeldsted 293 B.R. 12 (9th Cir. BAP 2003), the Chapter 13 debtor

23   appealed the Court's decision to annul the automatic stay retroactively for "cause" under §

24   362(d)(1), (2) in order to validate an otherwise void, postpetition foreclosure sale of the debtor's

25   residence to a good faith purchaser for value and without notice of the bankruptcy ("bona fide

26   purchaser"). The BAP held that "We conclude that a determination of whether or not to annul

27   the automatic stay and thereby grant retroactive relief requires the court to balance the equities,

28   and that bona fide purchaser status alone is not cause to validate a sale. We are also bound by

3

1  <u>Value T Sales, Inc. v. Mitchell</u> (<u>In re Mitchell</u>), 279 B.R. 839 (9th Cir. BAP 2002), an opinion

2  decided after entry of the bankruptcy court's judgment, which held that bona fide purchaser status

3  under § 549© is not an exception to the automatic stay.  We also clarify that a Ninth Circuit court

4  "balances the equities in order to determine whether retroactive annulment is justified"--the test

5  set forth in <u>Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.</u>), 129

6  F.3d 1052, 1055 (9th Cir. 1997), cert. denied, 524 U.S. 952 (1998), and that the standard is not

7  "extreme circumstances," which is at odds with the court's broad exercise of its discretion.

8  Therefore, we REVERSE and REMAND the stay relief order.  We also REVERSE and

9  REMAND the sanction order, as the sanction was imposed without adequate due process."

10  <u>Fjeldsted</u> also holds that, when determining whether to annul the stay, the court must balance the

11  equities to determine if cause exists."

12       11.     When balancing the equities in this case, there is no cause to annul the automatic

13  stay.  And in fact there is no cause to grant the Motion.  Movant has not met its burden of proof

14  and therefore the Motion ought to be denied.

15       12.     The Motion alleges there were prior bankruptcy cases filed by others.  The Debtor

16  is unaware of these people, and believes she is the victim of hijacking.  She did not authorize any

17  prior cases by anyone other than herself, and she was unaware of them until now. In fact, the

18  Debtor has filed a Police Report on this issue, showing that the Debtor is a victim of stolen

19  identity.  A true and correct copy of the Police Report is attached as <u>Exhibit "2"</u> and incorporated

20  by reference.

21       13.     The home is the Debtor's residence and is definitely necessary to an effective

22  reorganization.  And while the Motion makes the naked assertion otherwise, it is not supported

23  by any facts.  The Debtor is trying to retain her home, and this Chapter 13 case will allow the

24  Debtor to do so.

25       14.     The Declaration supporting the Motion alleges that Movant is the authorized

26  agent for the owner. So then who is the owner?

27       15.     The Declaration of Andrea Edmiston is fraught with inadmissable statements.  It

28  contains hearsay, and lacks foundation for may of her statements.  The entire Declaration ought

1    to be stricken and not considered in determining whether to grant the Motion.

2        16.    Finally, the prayer of the Motion is wrong.  Movant has checked every box which

3    is clearly inappropriate.  And, the Court may not even have the jurisdiction and authority to

4    render several of the requests.

5        WHEREFORE, the Debtor prays for an order as follows:

6    1.    That the Motion be denied; ;

7    2.    For such other relief as the Court deems just and proper.

8
Date:    July 5, 2018
9

10    _____

11    Gilbert Geilim, attorney for

12    Larissa Kirakosian, Debtor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

## DECLARATION OF LARISSA KIRAKOSIAN

I, Larissa Kirakorsian, declare as follows:

17.     I am the Debtor in this case and I have personal knowledge of the following information and, if called upon to testify, I could and would competently testify to the following. I have reviewed the Motion, my files, records and recollections in this matter. I am personally familiar with my files, records and recollections involving this matter, and I am the one in control of the files, records and recollections. All entries in my files and records, and all recollections I maintain were made or formed at or around the time the communications that are the subject of the instant action occurred.

18.     I owned the home located at 17966 Valley Vista Blvd., Los Angeles, CA. I still reside there. It has been my home since I bought it in January, 2016. A true and correct copy of the Buyer's Closing Statement is attached as Exhibit "1" and incorporated by reference. The lender for the purchase was Banc of California, National Association.

19.     Unfortunately, because of certain medical issues I had, the loan went into default, and I filed a Chapter 13 Petition and was assigned case number 18-10905. That case was dismissed on April 13, 2018. I filed the instant Chapter 13 Petition on May 29, 2018, In Pro Se. I filed my full Petition, Schedules and Chapter 13 Plan. However, the case was dismissed on June 18, 2018 because I apparently failed to file a document. I disagree with that however. On June 19, 2018, I filed a Motion to vacate the dismissal, which was granted by Order entered on June 22, 2018. It appears that the dismissal was in error because I did file all of the necessary documents. Accordingly, the automatic stay should have remained in place during the short time the case was dismissed.

20.     However, while the case was dismissed, the creditor effectively ran to conduct its foreclosure sale, which occurred on June 19, 2018. It is baffling to see how the lender could have foreclosed, literally, the day after the case was first dismissed. Was the foreclosure sale conveniently scheduled for the day after the Dismissal? How is that possible? I have very serious concerns about the validity and legitimacy of the foreclosure sale. Before the Motion can be heard on the merits, the lender and Movant should be forced to prove, even just on the

1    surface, how the foreclosure sale is valid under California law.

2        21.    Upon learning of the sale, I immediately contacted the lender to inform them of

3    this error.  The lender said it would reverse the sale if and when the dismissal was vacated.

4    However, the lender is now unwilling to do so.

5        22.    The Motion provides various grant deeds and a deed of trust.  I have no

6    knowledge of any of these documents, nor have any knowledge of any of the persons listed on

7    the grant deeds and deed of trust.  I am a victim of hijacking by these nefarious individuals.  And

8    I was not nor is not involved in any of these transactions.

9        23.    Indeed, I have been in contact with a real estate agent and seek to list and sell the

10   property for approximately $1,700,000.  This price will pay off the lender who had the Note and

11   Deed of Trust when I purchased the home.  Indeed, the lender did not previously foreclose

12   because I had submitted a loan modification package.  However, while that was under review, the

13   loan was apparently transferred, and the new lender (Aver Investments) immediately sought to

14   foreclose.  It more than appears the lender violated California foreclosure law by ignoring the

15   loan modification package and sought to immediately foreclose.  It also appears the Substitution

16   of Trustee was sent and recorded after the Notice of Trustee's Sale was recorded and I

17   understand this violates California law as well.

18       24.    The Motion is wrong for many reasons.  It says I filed only a few of the required

19   documents.  That is, as a simple review of the Docket will confirm.  The Motion alleges the case

20   was filed in bad faith; I dispute this.  The Motion fails to explain why it alleges this case was

21   filed in bad faith.  If the basis is because there was one prior case, that argument should fall flat

22   on its face.  Multiple filings, two cases alone is bot a basis for a bad faith conclusion.

23       25.    The Motion seeks annulment of the stay, and the Debtor objects to this request.

24   Annulment is an extraordinary remedy.  First, annulment is within the discretion of the Court; it

25   is certainly not mandatory.  When balancing the equities in this case, there is no cause to annul

26   the automatic stay.  And in fact there is no cause to grant the Motion.  Movant has not met its

27   burden of proof and therefore the Motion ought to be denied.

28

26.    The Motion alleges there were prior bankruptcy cases filed by others. I am unaware of these people, and believe that I am the victim of hijacking. I did not authorize any prior cases by anyone other than myself, and I was unaware of them until now. In fact, I have filed a Police Report on this issue, showing that I am the victim of stolen identity. A true and correct copy of the Police Report is attached as Exhibit "2" and incorporated by reference.

27.    The home is my residence and is definitely necessary to an effective reorganization. And while the Motion makes the naked assertion otherwise, it is not supported by any facts. I am trying to retain her home, and sell it through this Chapter 13 case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 5, 2018 at Los Angeles, CA

Larissa Kirakosian

Exhibit "1"



**ESCROW OF THE WEST**

9440 Santa Monica Blvd., #310
Beverly Hills, CA 90210

Phone: (310) 402-5555
Fax: (310) 424-4045
www.escrowofthewest.com

**BUYER'S ESTIMATED CLOSING COSTS**

**PROPERTY:** 17966 Valley Vista Boulevard
Los Angeles (Encino Area), CA 91316

**DATE:** January 13, 2016

**BUYER:** Larisa Kirakosian

**CLOSING DATE:** January 15, 2016
**ESCROW NO.:** 02-024741-LD
**ESCROW OFFICER:** Lynne Davis

| | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | 1,340,000.00 | |
| Deposit from Larisa Kirakosian | | 40,200.00 |
| Deposit from Securline Realty FBO Larisa Kirakosian | | 20,000.00 |
| New 1st Trust Deed - Banc of California, N.A. | | 1,072,000.00 |
| | | |
| **LOAN INFORMATION - Banc of California, N.A.** | | |
| **[Charges $4,460.94]** | | |
| Origination Charge | 1,695.00 | |
| Appraisal Fee POC (B*) Banc Home Loans $500.00 | 450.00 | |
| Credit Report Banc of California | 34.00 | |
| Lender Credits | -10.00 | |
| Tax Service Fee CoreLogic | 71.00 | |
| Flood Certification Lereta LLC | 10.00 | |
| Interest at $122.8300/day from 01/14/2016 to 02/01/2016 | 2,210.94 | |
| | | |
| **PRORATIONS/ADJUSTMENTS** | | |
| 1st 1/2 2015-16 Taxes at $7855.37/semi-annually from 01/01/2016 to 01/15/2016 | | 610.97 |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| Farmers Insurance Insurance Premium | 4,291.92 | |
| Refundable Buffer unused portion to be refunded at close | 500.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES - First American Title Company** | | |
| Title - Lender's Title Insurance | 960.00 | |
| Title - Sub Escrow Fee | 62.50 | |
| Title - Wire Fee | 25.00 | |
| Title - Endorsement Fees | 250.00 | |
| Recording Grant Deed | 50.00 | |
| Recording Trust Deed | 175.00 | |
| | | |
| **ESCROW CHARGES - Escrow of the West** | | |
| Title - Escrow Fee | 1,850.00 | |
| Title - Loan Tie-In Fee | 250.00 | |
| Title - Overnight Fee | 45.00 | |
| Title - Archive Fee | 50.00 | |
| Title - Notary Fee | 200.00 | |
| | | |
| **Funds required** | | 220,359.39 |
| | | |
| **TOTAL** | $ 1,353,170.36 | $ 1,353,170.36 |

**THIS IS AN ESTIMATE ONLY AND FIGURES ARE SUBJECT TO CHANGE**

_____

Larisa Kirakosian

SIGN AND RETURN





9440 Santa Monica Blvd., #310
Beverly Hills, CA 90210

Phone: (310) 402-5555
Fax: (310) 424-4045
www.escrowofthewest.com

# INCOMING WIRE INSTRUCTIONS

## CITY NATIONAL BANK
555 South Flower Street
Los Angeles, CA 90071
### ATTN: WIRE DEPARTMENT

## Routing Number/ABA #: 122016066

Swift Code (International): **CINAUS6L**

## Credit To: ESCROW OF THE WEST

## Trust Account Number: 555021208

Wire amount should be **$220,359.39**

Please reference Escrow Number 02-024741-LD when sending.

**NOTE: _ESCROW OF THE WEST IS UNABLE TO ACCEPT DIRECT DEPOSITS IN CASH, CHECKS, ACH'S OR ANY OTHER TYPE OF TRANSACTION_ in any branch of City National Bank.**

*If you are a City National Bank account holder, please assure to send "INTERNAL WIRE TRANSFER" – ONLY.*

*All transactions are subject to prior verification by Escrow of the West; City National Bank has specific instructions to reject any direct deposit.*

Exhibit "2"

Exhibit "3"



# $1,750,000

- Active

17966 Valley Vista Boulevard
Encino, CA 91316
5 bed(s)  |  5 bath(s)  |  4,290 square ft.

## Ara Haritunian
DRE #01050355
818-414-5533

## Description
BEAUTIFUL PROPERTY LOCATED IN THE HEART OF ENCINO OFF OF VENTURA BLVD. VERY NICE QUIET FRIENDLY
NEIGHBORHOOD. YOU WONT BE DISSAPOINTED!

## Listing Details
**Address:** 17966 Valley Vista Boulevard
**Status:** Active
**ML#:** SR18141172
**APN:** 2182014017
**Orig. List Price:** $1,750,000
**Price Per Sqft:** $408
**County:** Los Angeles
**Property Type:** Single Family Residence
**Bedrooms:** 5
**Bath(F,T,H,Q):** 5,0,0,0
**Sqft (Src):** 4,290 ()

**Ac/LotSqft (Src):** 0.13 / 5,750 (Assessor)
**AC:** Yes
**View:** Yes
**Pool:** Yes
**Area:** ENC - Encino
**Year Built:** 1953
**Sale Type:** Standard
**Stories:** One,Two
**Stories Total:** 1
**Units Total:** 1
**Senior Community:** No
**Lease Considered:** No

## Interior Features

**Features:** Balcony
**Fireplace:** See Remarks
**Cooling:** See Remarks
**Heating:** Central Furnace
**Laundry:** In Garage
**Rooms:** Formal Entry and See Remarks

## Exterior Features

**Pool:** Private and In Ground
**Common Walls:** No Common Walls
**View:** Valley
**Lot Features:** Back Yard, Front Yard, Paved, and Walkstreet
**Community Features:** Curbs, Sidewalks, and Valley
**Sewer/Septic:** Unknown
**Water Source:** See Remarks

## Garage and Parking

**Spaces Total:** 2
**Garage Att/Det:** Attached
**Parking Spaces:** 2.00
**Garage Spaces:** 2.00

## Land

**Lot Number:** 155
**Tract Number:** 10491
**Zone:** LAR1
**Units Total Number:** 1
**Assessment:** None
**Association Dues 1:** $0 ()

## Lease/Fees

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

16156 San Fernando Mission Suite#8 Granada Hills, CA 91344

A true and correct copy of the foregoing document entitled: **OPPOSITION TO MOTION**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _07/06/2018_ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Martin R. Barash
21041 Burbank Blvd. Court Room #301
Woodland Hills, CA 91367

United States Trustee/ Elizabeth F. Rojas
15260 Ventura Blvd. Suite#710
Sherman Oaks, CA 91403

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _07/06/2018_ | Vidal Figueroa | _(signature)_ |
| *Date* | *Printed Name* | *Signature* |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.