Kristin Zilberstein, Esq. (SBN 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA  92705
Tel: (949) 427-2010
Fax:  (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Movant
Aran Investments Inc.,
Its successors and assigns

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>LARISSA KIRAKOSIAN<br><br>     Debtor. | CASE NO.:  1:18-bk-11359-MB<br><br>CHAPTER 13<br><br>**ARAN INVESTMENTS INC., REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY**<br><br>DATE: July 18, 2018<br>TIME: 10:00 a.m.<br>CTRM: 303<br>Location: 21041 Burbank Blvd., Woodland Hills, CA 91367<br><br>Honorable Martin R. Barash |

COMES NOW, Movant Aran Investments Inc., ("**Movant**") and submits the following in

further support of its' Motion for Relief.

# I.

## DISCUSSION

### A. DEBTOR'S OPPOSITION TO THE MOTION FOR RELIEF WAS NOT TIMELY AND SHOULD NOT BE CONSIDERED BY THE COURT

Pursuant to LBR 9013-1 each interested party opposing or responding to the motion must file and serve the response on the moving party and the United States trustee not later than 14 days before the date designated for hearing. If a party does not timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may be.

Debtor did not file any opposition 14 day before the date designated for the hearing. Debtor filed and served her opposition 12 days before the hearing on the Motion for Relief. Therefore, Debtor's opposition was not timely and should not be considered by this Court in any regard. Failure to oppose the motion 14 days prior to the hearing date results in the inability to later oppose the Motion and the consent of Debtor to granting of the Motion.

### B. THE AUTOMATIC STAY TERMINATED ON JUNE 28, 2018 AS A MATTER OF LAW:

Section 362(c)(3)(A) provides that if a prior case was pending within one year of the petition date, the automatic stay expires after 30 days. 11 U.S.C. § 362(c)(3)(A). The court may extend the automatic stay beyond the 30-day expiration on motion of a party in interest if movant meets two conditions: (1) notice and hearing on the motion must be completed before the expiration of the 30-day period, and (2) movant must demonstrate that he filed the later case in good faith with respect to the creditors to be stayed. 11 U.S.C. § 362(c)(3)(B). The failure to satisfy either of these conditions results in the automatic termination of the stay. See In re Ortola, 2011 WL 7145793, at *5 (B.A.P. 9th Cir. Dec. 16, 2011).

Here, Debtor's First Petition was filed on April 13, 2018 and was dismissed on May 25, 2018. Debtor's Second Petition was filed on May 29, 2018. Therefore, Debtor had no less than

two (2) petitions pending within twelve months.  Therefore, pursuant to 11 U.S.C. §

362(c)(3)(A), stay terminates 30 days after the filing of the Second Petition.

Therefore, the automatic stay terminated on June 28, 2018.  Debtor did not file a

Motion to extend the stay or set a hearing regarding the extension of the automatic stay within

the 30-day period as set forth in 11 U.S.C. § 362(c)(3)(A).  Therefore, the automatic stay

terminated as matter of law and cannot be extended.  The court cannot extend a stay that no

longer exists, and the Bankruptcy Code affords the court no discretion on that matter.

### C. **DEBTOR DOES NOT HAVE STANDING TO OPPOSE MOVANT'S MOTION BECAUSE THE AUTOMATIC STAY TERMINATED ON JUNE 28, 2018 AS A MATTER OF LAW**:

As stated above, the automatic stay terminated 30 days after the filing of the Second

Petition and can no longer be extended pursuant to 11 U.S.C. § 362(c)(3)(A).   As the

automatic stay has terminated, Debtor does not have standing to oppose Movant's Motion and

any attempt to do so is futile as the automatic stay has now terminated and cannot be extended.

### D. **THE AUTOMATIC STAY WAS NOT IN AFFECT ON JUNE 19, 2018**

The automatic stay continues until the case is <u>dismissed</u>, closed, or the debtor receives

a discharge.  11 U.S.C. *Section* 362(c)(2)(b), 11 U.S.C. *Section* 1307.  Dismissal of a

bankruptcy petition deprives the Bankruptcy Court of subject matter jurisdiction and

consequently of the authority to continue the automatic stay as to the Debtor and the Debtor's

property.  *Matter of Solar Equip. Corp., I.D. No. 72-184763*, (WD LA 1982), 19 BR

1010,1011.

The Petition was dismissed on June 18, 2018 for failure to file required documents.  At

the time the Petition was dismissed, the Property ceased to be property of the estate and the

automatic stay no longer applied to the Property as property of the estate.  The automatic stay

was not in effect on the day of the sale and therefore the Sale was not a violation of the

automatic stay.  The automatic stay cannot be reinstated or made to have been in affect on June 19, 2018, as the Petition was dismissed.

### E.   THE PETITION WAS NOT DISMISSED IN ERROR:

Pursuant to LBR 1002-1 the Debtor is required to file specific documents (all required documents) within 14 days of commencing the Petition.  Failure to do so, results in the dismissal of the Bankruptcy Petition.  Pursuant to the Central District Court Manual the Debtor is required to file multiple documents within 14 days, that were not filed.  The documents that were not filed include the following:

1) Statement of Related Cases;
2) Schedule A/B through J-2;
3) Declaration about Individual Debtor's Schedules;
4) Statement of Financial Affairs for Individuals Filing for Bankruptcy;
5) Declaration of Debtor as to whether income was received from an employer within 60 days of the Petition Date;
6) Chapter 13 of your Current Monthly Income and Calculation of Commitment Period;
7) Chapter 13 Statement of Disposable Income;
8) Certificate of Credit Counseling; and
9) Chapter 13 Plan.

In connection to the Second Petition Debtor was informed of the following Requirement:

> **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS**, the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial section 341(a) meeting of creditors and any continuance, may result in dismissal of the case, unless leave of court is first obtained.

On May 29, 2018, the Debtor was also provided a checklist of all items required to commence her Petition in connection to the Order to Comply With  Bankruptcy Rule 1007 and 3015(b) and Notice of Intent to Dismiss Case ("**Notice of Intent and Order**").  Furthermore, the Notice of Intent and Order entered by the Court and provided to the Debtor indicated in bold letters:

> **IF YOU DO NOT COMPLY**…the court **WILL DISMISS YOUR CASE WITHOUT FURTHER NOTICE.**

Debtor filed her Second Petition on May 29, 2018.  Debtor was required to file all required documents by June 12, 2018 and did not do so.  Therefore, the dismissal of the Petition was not a mistake, it was based on the continued failure to comply with the Bankruptcy Code, Local Bankruptcy Rules, and Court Manual.  Debtor has still not filed all documents required by the Bankruptcy Code, Local Bankruptcy Rules, and Court Manual despite the fact that her petition was filed over 47 days ago.

Debtor was aware of the requirements to file the required documents, and she was aware of the procedure to obtain a court order to extend the deadline to file all required documents.  In connection to the First Petition she did file a Motion to Extend Time in connection to the Required Documents listed above.  In connection to the Second Petition she did not choose to file a similar motion or file the required documents on time.

Therefore, the Petition was not dismissed in error.  In fact, the Petition should again be dismissed today because the Debtor has still failed to file all required documents in connection to her Bankruptcy Petition.

**F.  <u>BORROWER WAS PROPERLY REVIEWED FOR A LOAN MODIFICATION AND ALL FORECLOSURE ALTERNATIVES</u>:**

California Civil Code §2923.6 (c) provides in pertinent part as follows: "If a borrower submits a complete application for a first lien loan modification . . .shall not record a notice of default or a notice of sale, or conduct a trustee's sale, while the complete first line loan modification application is pending."  Movant does not disagree, however Debtor asserts that she was not reviewed for a loan modification.   Debtor was reviewed for a modification and she was not approved.  A true and correct copy of a letter denying Debtor's Loan Modification Application is attached hereto as **Exhibit "1"** and is incorporated herein.

### G. **COUNTERCLAIMS AGAINST A SECURED CREDITOR ARE NOT APPROPRIATELY RAISED AS OPPOSITIONS TO A MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

A motion for relief from the automatic stay brought pursuant to §362 is intended to be an expedited procedure "limited to issues of: (1) lack of adequate protection, (2) the debtor's equity in the property, and (3) the necessity of the property to an effective reorganization." In re Johnson, 756 F.2d 738, 740 (9th Cir. 1985). Further, the Court in In re Johnson noted that the validity of the underlying contract is not litigated during the motion for relief from the automatic stay because such an action is not the "assertion of a claim which would give rise to the right or obligation to assert a counterclaim." In re Johnson, 756 F.2d 738, 740 (9th Cir. 1985). Similarly, the timing of the foreclosure Sale, denial of the Loan Modification Application, and similar counter claims are not appropriately raised as opposition to the Motion for Relief from the Automatic Stay.

Pursuant to the legislative history of §362(e), "counterclaims against a creditor seeking to lift the stay on largely unrelated matters are not to be handled" in motions for relief from the automatic stay. D-1 Enterprises, Inc. v. Commercial State Bank, 864 F.2d 36, 38 (5th Cir. 1989). In addition, counterclaims such as breach of contract and fraud are to be litigated separately from the stay litigation. D-1 Enterprises, Inc. v. Commercial State Bank, 864 F.2d 36, 39 (5th Cir. 1989). Further, Ninth Circuit precedent states that stay litigation is not halted pending resolution of an adversary action. In re Bialac, 694 F.2d 625, 627 (9th Cir. 1982). As was explained by the First Circuit Court of Appeals,

> Relief from the stay is obtained by a simple motion, and it is a "contested matter," rather than an adversary proceeding. . . . To allow a relief from stay hearing to become any more extensive than a quick determination of whether a creditor has a colorable claim would turn the hearing into a full-scale adversary lawsuit, and would be inconsistent with this procedural scheme.

Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 33 (1st Cir. 1994).  The motion for relief from automatic stay is merely a threshold requirement that allows a creditor the opportunity to pursue its claims without violating the stay.  In re Luz International, Ltd., 219 B.R. 837, 842 (9th Cir. BAP 1998).  Substantive claims, defenses, or counterclaims are not to be litigated in a motion for relief from stay.  Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 33 (1st Cir. 1994).  Instead, a motion for relief from stay is "analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property." *Ibid*.

In the current matter, Debtor has filed an opposition alleging a variety of claims, defenses, and counterclaims.  As discussed at length above, these claims, defenses, and counterclaims are not properly litigated as part of a motion for relief from automatic stay.  The purpose of the motion for relief from the automatic stay is to allow a creditor to move for relief without the necessity of conducting a full-blown trial.  Requiring creditors to litigate an adversary proceeding to establish the validity of the sale **before** moving for relief would completely undermine this purpose.  Accordingly, the Court should determine the merits of Secured Creditor's Motion for Relief from Stay without litigating Debtor's claims, defenses, or counterclaims.   Because Movant has met the prima facie case for relief to be granted, the Court should grant Secured Creditor's Motion for Relief from Stay.

### H. **MOVANT HAS CAUSE FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. Section 362(d)(1) BECAUSE THE DEBTOR HAS ACTED IN BAD FAITH DESPITE DEBTOR'S ARGUMENT OTHERWISE**:

Pursuant to 11 U.S.C. §362(d)(1), Movant has "cause" for relief from the automatic stay because Debtor has acted in bad faith.

### a) **Debtor's Second Petition is Presumptively Filed in Bad Faith**:

Pursuant to 11 U.S.C. § 362(c)(3)(C), the Second Petition, is presumptively filed in bad faith where the Debtor has had a bankruptcy case dismissed within the preceding one year

period.  Debtor's First Petition was filed on April 13, 2018 and was dismissed on May 25, 2018 because Debtor failed to file all documents required by the Court.  Debtor's Second Petition was filed on May 29, 2018.  Here, therefore, Debtor's Second Petition is presumptively filed in bad faith because the Second Petition was filed a mere four (4) days after the First Petition was dismissed.  As it is the presumption that the Second Petition was filed in bad, Debtor has the burden to demonstrate that the Second Petition was filed in good faith.  The courts look to the totality of the circumstances to determine whether the debtor has established the good faith required by § 362(c)(3).  In re Ball, 336 B.R. 268, 274 (Bankr.M.D.N.C.2006).

The Debtor does not offer evidence of changed circumstances, or any evidence that demonstrates that this Chapter 13 Petition will be successful where the prior petition was not.  Furthermore, Debtor's Second Petition was dismissed for the exact same failure to provide required documents as the First Petition.  Debtor still has not filed all documents required by the Bankruptcy Code, Local Rules, and Court Manual.  Here, Debtor does not rebut the presumption that the Second Petition was filed in bad faith.

**b)  The Transfer of an Interest in the Property Demonstrates Bad Faith Even if Debtor Did Not Participate**:

Here, Debtor transferred a beneficial interest in the Property to Salvador Mosqueda by Deed of Trust and Assignment of Rents ("**Deed**").  Movant has already pointed to fraudulent and bad faith conduct in connection to the Deed.  In summary the Deed is dated November 1, 2017, however the recording stamp is not until June of 2018.  Furthermore, the document was not in fact recorded, as indicated in the declaration of Jennifer R. Bergh filed in connection to the Motion for Relief.  Finally, the notary is not valid as the individual who notarized the document is not licensed as demonstrated by a search on the Secretary of State Website and the Declaration of Andrea Edmiston.  However, now, after the fact, Debtor argues that she has no knowledge of the Deed and did not transfer an interest in her Property in an effort to stop the foreclosure sale.

**Mr. Mosqueda sent a letter to the Wolf Firm in which he referenced the Debtor's full name, <u>loan number</u>**, address, and T.S. Number (the "Letter").  A true and correct copy of the letter is attached hereto as **Exhibit "2"**.  It is apparent to Movant that Mr. Mosqueda would not have had access or knowledge of Debtor's loan number if Debtor did not provide the same to him.  Debtor's loan number is confidential, and is not of public record.  **Movant will redact all but the remaining four (4) numbers of the loan number on the Letter prior to filing the same, however as it was provided to Movant the entire, current, correct loan number is visible on the Letter as typed by Mr. Mosqueda.  Furthermore, a review of the signature on the Deed, Debtor's Petition, and Debtor's Deed of Trust show a similarity that cannot be questioned.**  Debtor signed the Deed and provided Mr. Mosqueda the information he needed to complete the Deed and send the Letter to the Wolf Firm.

Here, it is apparent to Movant that Debtor was involved in the scheme and has acted in bad faith by transferring an interest in the Property without Movant's consent, and by now arguing that she did not.  In her opposition Debtor indicated that she filed a police report against Mr. Mosqueda and attached the same to her Opposition.  The Police Report is not legible and Movant cannot read or review the same because the Exhibit is merely a dark page.

However even in the unlikely event that Debtor was not aware of the Deed the facts of the matter would be similar to *In re Dorsey*.  In *In re Dorsey,* 476 BR 261 (Bankr. C.D. Cal. 2012), the borrower transferred an ownership interest by grant deed for no consideration to a debtor. After relief was granted in that case, a subsequent transfer was made by an entity on behalf of the borrower to a second party by quit claim deed, who filed for bankruptcy the very next day.  Again, no consideration was given for this transfer.  When the motion for relief was filed in the second case, the debtor opposed only on the grounds that he had no knowledge of the matter and did not wish for relief to be granted based on a finding that he had engaged in bad faith.  In its review of similar cases, the Court noted that

"(t)he court has seen a pattern in a number of bankruptcy cases in which a borrower, who is not a debtor in bankruptcy, attempts to stave off foreclosure by purporting to transfer an interest in his or her property to a debtor in bankruptcy... The original borrower, or someone working on her behalf, has been successful in implementing the scheme to obtain the benefit of the automatic stay to forestall the foreclosure process without submitting herself to

the jurisdiction of the court and assuming the duties and responsibilities of a
debtor in a bankruptcy case."

*Id.*, at 266.  The Court further noted, that under the specific facts of that case that

 "(t)he original borrower, or someone working on the borrower's behalf, may
have found the Debtor's name by conducting a search through the public
bankruptcy records.  The borrower may have falsified and backdated a grant
deed, and the deed may have never actually been recorded (although the copy of
the grant deed submitted in this case has a recording stamp and *appears* to have
been recorded.)" (sic).

*Id.*, at 266.  The court granted relief under relief finding that the code section is written in the

passive voice and does not require a showing that the <u>debtor</u> acted in bad faith or actually

participated in a scheme to hinder, delay or defraud creditors.  *Id., at 267.*  The Court further

held that the moving party does not have to show an additional right to oppose a transfer under

only that they did not consent to the transfer.  *Id., at 269.*

Here, even if the Debtor was not aware of the transfer, Movant is still entitled to relief

from stay as Movant did not consent to the transfer pursuant to *In re Dorsey*.

Here, Debtor has acted in bad faith and has provided numerous false statements and

documents in connection to her Petition and the Deed.  Debtor indicated that she was not

reviewed for a Loan Modification, and she received the Loan Modification denial letter.

Furthermore, Movant still questions Debtor's proof of income as previously indicated, and

seriously questions Debtor's ability to fund a Chapter 13 Plan in connection to the Petition if

Debtor's income cannot be demonstrated with authenticate paystubs and tax returns.

**IV.**
**CONCLUSION**

Based on the foregoing, Movant requests that the Court grant the Motion pursuant to 11

U.S.C. *Section* 362(d)(1) and 11 U.S.C. *Section* 362(d)(2).


Dated: July 11, 2018                    LAW OFFICES OF MICHELLE GHIDOTTI

                                        /s/ Kristin Zilberstein, Esq.
                                        Kristin Zilberstein, Esq.
                                        Attorney for Movant, Aran Investments Inc.

# EXHIBIT "1"

October 04, 2017

                            MS1710

Larisa Kirakosian
17966 Valley Vista Blv
Encino CA 91316-

                                        Loan Number: REDAC 9380

                                        QL799/JGV

October 04, 2017

                              MS1710

Larisa Kirakosian
17966 Valley Vista Blv
Encino CA 91316-

                                                    Loan Number: REDAC9380

**THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN BANKRUPTCY OR
HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL
PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT IN VIOLATION
OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION OR AN ATTEMPT TO
RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

Dear Larisa Kirakosian :

Thank you for contacting us about your mortgage. Your complete loss
mitigation application has been received and reviewed for all loss
mitigation options available to you.

          **YOU MAY HAVE BEEN APPROVED FOR THESE LOSS MITIGATION OPTIONS**

**Approved Loss Mitigation Options Offered to You, if any**: Based on a
careful review of the information you provided to us and the different
program criteria, you are eligible for the following loss mitigation
options:

( ) HAMP Modification
( ) Standard Modification
( ) Capitalization and Extend Modification
( ) Flex Modification
( ) Repayment Plan
( ) Short Sale
( ) Deed-in-Lieu of Foreclosure
( ) Forbearance
(X) **After careful review of your loan file and submitted
    documentation you are not eligible for any loss mitigation options.
    Please read the following page for further details.**

                                              QL756/JGV

Page 2 of 4                  October 04, 2017          Loan Number: ~~REDAC~~9380

### YOU MAY HAVE BEEN DENIED FOR THESE LOSS MITIGATION OPTIONS

**You Will NOT Be Offered These Loss Mitigation Options**: After a careful
review of the information you provided to us and the different program
criteria, unfortunately you are not eligible for the following selected loss
mitigation options for the reason(s) set forth below. Based on our review of
your financial circumstances, we are unable to offer you the following:

(X) HAMP Modification:
The Investor does not participate in this program.

(X) Standard Modification:
Specific denial reason included in enclosed Denial Matrix.

( ) Capitalization and Extend Modification:


( ) Flex Modification:


( ) Repayment Plan:


( ) Short Sale:


( ) Deed-in-Lieu of Foreclosure:


( ) Forbearance:


( ) Other:

( ) **You have been previously offered all available loss mitigation
    options and the time for acceptance has expired.**

**Contact Information**: If you would like to discuss the reason for
non-approval for any loss mitigation option, or to discuss alternative loss
mitigation options that may be available to you, please contact the Loss
Mitigation Department at 1-866-397-5370 or write us at: Attention:
MS LMP1710, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945

**Enclosed with this notice, there may be additional important information
related to loss mitigation options offered to you. Please review the
information carefully. Please see the enclosed Important Disclosures for
more information regarding the loss mitigation evaluation process.**

Sincerely,


Loss Mitigation Department                              QL759/JGV

Page 3 of 4                    October 04, 2017          Loan Number: REDAC9380

## IMPORTANT DISCLOSURES

**Acceptance or Rejection of an Approved Loss Mitigation Option**: If you
are offered any loss mitigation options you must accept or reject all offers
**within 14 calendar days** from the date you receive this letter. Further
instruction will be provided with any loss mitigation offer you may receive
detailing the steps to be taken to accept or reject an offer. If you do not
accept any offer within the stated time period for acceptance you will be
deemed to have rejected all offers.

**Appeal Process**: To appeal our denial of a loss mitigation option you
must submit a written appeal to us **within 14 calendar days** from the date
you receive this letter. You must include with your written appeal your
name, property address, loan number and reason(s) for appeal. Please mail
your written appeal and supporting evidence related to your appeal to:
Attention: MS LMP1710, 1 Corporate Drive, Suite 360, Lake Zurich, IL
60047-8945. Any written appeal and supporting documentation received **more
than 14 calendar days** from the date you received this letter may not be
considered.

We will provide you notice within 30 calendar days of receipt of your
written appeal stating our determination of whether a loss mitigation option
will be offered. Any determination we make regarding the availability of any
loss mitigation option based on your appeal will be final and not subject to
any further appeal. If you receive an offer for a loss mitigation option
either prior to your appeal or upon our final determination based on your
appeal you will be required to accept or reject any offer **within
14 calendar days** after receiving notice of our final determination.

**Current Participation in Other Loss Mitigation Programs**: If you are
currently participating in a loss mitigation program that does not require
us to review a complete loss mitigation application, such as a short-term
forbearance or streamlined modification, you may continue participating in
that program even if you have been approved for additional loss mitigation
or denied loss mitigation. Please contact us at 1-866-397-5370 for further
explanation of the options available to you.

**Evidence of Clean Title**: Some loss mitigation options that may be
available to you and offered if you meet certain eligibility criteria
require evidence of clean title for your mortgaged property. You will be
responsible for providing us with evidence of clean title regarding
outstanding liens or judgments on your mortgaged property before you are
presented with any eligible loss mitigation offer that may be available to
you. You are also required to provide us with any required subordination
agreement from any junior lien holder that has an interest in your mortgaged
property before you are presented with any loss mitigation offer that you
may be eligible to receive.

QL989/JGV

Page 4 of 4                 October 04, 2017        Loan Number: REDAC9380

**Counseling Assistance**: If you would like counseling or assistance, you can contact the US Department of Housing and Urban Development (HUD). For a list of HUD-approved homeownership counselors in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 1-800-569-4287.

You can also call the HOPE Hotline at 1-888-995-HOPE (4673) and ask for MHA HELP for assistance in finding a HUD-approved housing counselor at no charge, or in requesting further explanation of this notice.

**Tribal Assistance**: In some states, federally recognized tribes may be able to provide assistance for homeowners going through hardships. We encourage you to reach out to your local tribal council for further information.

**Potential Tax Consequences**: Settling a debt for less than the balance owed may have tax consequences and we may file a 1099C form. We cannot provide you with tax advice. If you have any questions, we encourage you to consult a tax adviser of your choosing.

**Obtaining a Copy of an Appraisal Report or Other Written Valuation**: We may order an appraisal to determine the property's value and charge you for this appraisal. We will promptly give you a copy of any appraisal, even if your loan does not close. You can pay for an additional appraisal for your own use at your own cost.

**SUBMISSION OF LOSS MITIGATION APPLICATION AND RELATED DOCUMENTS**:
Your Loss Mitigation Application and related documents must be sent <u>only</u> as indicated directly below, including any specific Attention line noted:

**E-Mail**: lossmitproxy@yourmortgageonline.com

**Mail**: Attention: MS LMP1710          **Fax**:
      1 Corporate Drive, Suite 360     Attention: Loss Mitigation
      Lake Zurich, IL 60047-8945        1-847-574-7569

**RESPA NOTICES OF ERROR AND REQUESTS FOR INFORMATION**:
RESPA Notices of Error and Requests for Information should <u>NOT</u> be forwarded using the contact information for Submission of Loss Mitigation Application and Related Documents.

If you have any questions, please call us at 1-866-397-5370.

**RESPA Notices of Error and Requests for Information must be sent <u>only</u> to the address indicated directly below, including the specific Attention line noted:**

            Attention: MS NOE1290
            1 Corporate Drive, Suite 360
            Lake Zurich, IL 60047-8945

                                        QL989/JGV

| Based on our review of your financial circumstances, we are unable to offer you a Loss Mitigation Option because: | Loan Number |
|---|---|
| Date: 10/4/2017 | REDAC 9380 |

| X indicates the Reason for Ineligibility. | Reason for Ineligibility |
|---|---|
| | Your investor does not participate in the Federal Home Affordable Modification Program (HAMP). |
| | After review of your facially complete application we discovered that additional or corrected documentation was needed to make your loss mitigation application complete.  We have previously requested the additional or corrected documentation, and  you did not provide the items requested. The time period you were given to submit the additional or corrected  documentation has expired. |
| | Based on the financial data you provided, you have the ability to continue to make your current monthly mortgage payments. |
| | You have not experienced a qualified hardship as defined under Loss Mitigation program guidelines. |
| X indicates the Reason for Ineligibility. | You have excess debt obligations and/or reduced income that will not allow you to make required payments under the terms of any Loss Mitigation option. |
| | You do not have the cash contribution required to be offered Loss Mitigation. |
| | You did not make the trial plan payments required under the terms of the Loss Mitigation option you were offered. |
| | You did not provide us with evidence that the liens and/or judgments previously noted  have been satisfied. |
| | A junior lien holder will not agree to subordinate its security interest to the loan modification we may offer you. |
| | You have withdrawn your acceptance of a Loss Mitigation offer, or you have rejected a Loss Mitigation offer. |
| | You were offered a Loss Mitigation option, but you failed to return a signed agreement to us within a reasonable time period. |
| | The terms of your mortgage were recently modified, so you are currently not eligible to receive  another loan modification. If you wish to pursue a Short Sale please contact us. |
| | We have received your request to be reviewed for Loss Mitigation options available to you.  An Assumption is not a Loss Mitigation option  available to you. |
| | Because title insurance is unavailable for loan modifications of extensions of credit under Article XVI, Section 50(a)(6) of the Texas Constitution (a/k/a "Texas Home Equity" or "50(a)(6) Loans") such as yours, we are unable to approve your request for a loan modification at this time. |
| | A net present value (NPV) calculation that accounts for future anticipated income and loan term adjustments measured against the present collateral value less anticipated expenditures during the foreclosure was used to determine eligibility for a loan modification. An NPV test calculates the NPV of the proposed modification against the NPV of the foreclosure action.  If the proposed modification has a resulting NPV that is less than the foreclosure NPV then the proposed modification terms fail the NPV test. Based on the NPV results, you were ineligible for a loan modification. |

| Based on our review of your financial circumstances, we are unable to offer you a Loss Mitigation Option because: | Loan Number |
|---|---|
| Date: 10/4/2017 | REDAC 9380 |
| You received a loan modification, and you did not pay as agreed under the terms of the loan modification. Therefore, you are ineligible to be considered for another loan modification. | |
| You previously received one or more loan modifications. Therefore, you are ineligible to be considered for an additional loan modification. | |
| You were a debtor in bankruptcy, and you did not reaffirm your debt after the bankruptcy was discharged. | |

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is:

>Office of the Comptroller of the Currency
>Consumer Assistance Group
>1301 McKinney Street, Suite 3450
>Houston, TX 77010-9050
>1-800-613-6743
>www.helpwithmybank.gov

# EXHIBIT "2"

# From: Salvador Mosqueda 747-265-2205
# June 22, 2018

*VIA FACSIMILE to 949-608-0133, and 949-608-0130 and US Mail*

The Wolf Firm
2955 Main Street   2ndFloor
Irvine,CA 92614-2528
Attn: Bankruptcy Dept.

Re:   Borrower:          Larissa Kirakosian
      Loan Number:       REDAC9380
      Property Address:  17966 Valley Vista Ave, Los Angeles, 91316
      T.S.No.:           17-032111

The Wolf Firm;

This letter is re the above described real property.

It is my understanding that the above-described property was sold at public auction at approximately 10:00 pm on June 19, 2018. As you are aware, I Salvador Mosqueda hold a Deed of Trust secured by the subject property. I am the rightful lien holder and i have filed for federal bankruptcy protection June 18, 2018 (Case No. 18-bk-11531MB), which commenced an **immediate** stay of any collection efforts against any interest i have in any property (see attached). Notice of the bankruptcy filing and the case number were given directly to The Wolf Firm via facsimile.

You are hereby advised that the action you took appears to be in violation of federal bankruptcy law. As such, demand is made that you **immediately** reverse the Trustee sale and put title back into the borrowers name as it stood prior to the sale. There is a Chapter 7 Petition Pending with the Central District of California Bankruptcy Court and the United States Trustee Nancy J. Zamora that indicates my interest in the subject property that was also mailed out to your company. As such, your failure to reverse will result in a finding of contempt against you in federal court on that date.

Please do not hesitate to contact me should you have any questions.

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 7 of the United States Bankruptcy Code,
entered on 06/18/2018 at 3:16 PM and filed on 06/18/2018.



**Salvador Mosqueda**
5554 Sedan Ave
Woodland Hills, CA 91367
SSN / ITIN: xxx-xx-5607

The bankruptcy trustee is:

**Nancy J Zamora (TR)**
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071
213-488-9411

The case was assigned case number 1:18-bk-11531-MB to Judge Martin R. Barash.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited
to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you
attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.
Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 21041 Burbank
Blvd,, Woodland Hills, CA 91367-6603.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell
Clerk, U.S. Bankruptcy
Court**

*20180600971*

RECORDING REQUESTED BY:
Salvador Mosqueda
5554 Sedan Ave
Woodland Hills CA 91367

---

Space Above This Line For Recorder's Use

DEED OF TRUST

## AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made this 1st day of November , 2017, between
Larissa Kirakosian, as trustor, whose address is 17966 Valley Vista Ave. Los
Angeles, California 91316, and Salvador Mosqueda, whose mailing address is
5554 Sedan Avenue, Woodland Hills Ca 91367, as trustee and as Beneficiary.

WITNESSETH: That subject to the Deed of Trust in favor of Rosaura Lopez
dated November 1, 2017,Trustor IRREVOCABLY GRANTS,CONVEYS AND ASSIGNS unto said
Trustee, in Trust, with power of sale, togetherwith right of entry and
possession, the following described real property
situated in the County of Los Angeles, State of California ("Property"):

Refer to Exhibit A attached hereto and by reference made a part
hereof for complete legal description.

Commonly Known as17966 Valley Vista Ave. Los Angeles, California 91316

TOGETHER WITH; the rents, issues and profits thereof, SUBJECT, HOWEVER,
to the right power and authority hereinafter given to and conferred upon
Beneficiary to collect and apply such rents, issues and profits.

In the event the Property or any part thereof, or any interest therein
is sold, conveyed or alienated by the Trustor, whether voluntarily or
involuntarily, except as prohibited by law, all obligation secured by this
instrument, irrespective of the maturity dates express therein, at the option
of the holder hereof and without demand or notice, shall immediately become due
and payable.

FOR THE PURPOSE OF SECURING: (1) payment of the indebtedness evidenced
by promissory note dated November 1st 2017, and any extensions or renewals
thereof, in the principal amount of $90,000.00; (2) the payment of any
substitute notes, renewals, reamortizationand extensions of all indebtedness
secured by this Deed of Trust; (3) the performance of every obligation and
agreement of Trustor whether contained or incorporated by reference in this
Deed of Trust, or contained in any loan document or guaranty executed by
Trustor in favor of Beneficiary, with respect to any loan or advance secured by
this Deed of Trust; and (4) the payment of all sums expended or advanced by
Beneficiary under or pursuant to the terms of this Deed of Trust, together with
interest thereon as herein provided.

**A. TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**

1. To use loan proceeds solely for lawful purposes.

2. To keep the Property in good condition, working order and repair;
not to remove, destroy or suffer the removal or destruction of any building or
other improvements or fixtures thereon; to complete or restore promptly and in
good and workmanlike manner any building which may be constructed, damaged or
destroyed thereon; to comply with all laws, covenants and restrictions
affecting the Property; not to commit or permit waste thereof; not to commit,
suffer or permit any act upon the Property in violation of law; to do all other
acts which from the charter or use of the Property may be reasonably necessary

1

the specific enumerations herein not excluding the general; to observe and perform all obligations of Trustor under any lease of the Property.

3. To provide, maintain and deliver to Beneficiary fire and all other types of insurance of the type and in amounts as Beneficiary may require, with loss payable to Beneficiary. In the event of loss, the insurance proceeds, or any part thereof, may be applied by Beneficiary, at its option, to the reduction of the indebtedness hereby secured or to the restoration or repair of the Property damaged. In the event that the Trustor shall fail to provide satisfactory hazard insurance, the Beneficiary may procure, on the Trustor's behalf, insurance in favor of the Beneficiary alone. If insurance cannot be secured by Trustor to provide the required coverage, such inability shall constitute an event of default hereunder.

4. To appear in and litigate any action or proceeding purporting to affect the security hereof, the title to the Property, or the rights or powers of Beneficiary or Trustee; Beneficiary or Trustee may appear in and litigate any such action or proceedings, including any bankruptcy, partition or condemnation proceeding, affecting the Property, or Beneficiary's interest therein, in which event Trustor agrees to pay all costs and expenses thereof, including attorney's fees and costs of securing evidence of title.

5. To pay on or before the due date all taxes and assessments affecting the Property, including all assessments upon water company stock and all rents, assessments and charges for water, appurtenant to or used in connection with the Property; to pay, when due, all encumbrances, charges and liens, on the Property or any part thereof, which at any time appear to be prior or superior hereto.

6. To pay the reasonable amount of any attorney's fees, together with costs, incurred by Beneficiary in the event the obligation secured hereby is referred to an attorney for enforcement of Beneficiary's rights hereunder, or if Beneficiary retains an attorney to advise Beneficiary in connection with this Deed of Trust, or any other agreement related to the indebtedness secured by this Deed of Trust. The fees and costs described herein and elsewhere in this Deed of Trust shall be in addition to those set forth in the loan agreement or any other written agreement between Trustor and Beneficiary.

7. The failure on the part of the Beneficiary to promptly enforce any right hereunder shall not operate as a waiver of such right and the waiver by Beneficiary of any default shall not constitute a waiver of any other or subsequent defaults. Subsequent acceptance of any payment by the holder hereof shall not be deemed a waiver of any default by Trustor, or of Beneficiary's rights hereunder as the result of any sale, agreement to sell, conveyance or alienation, regardless of holder's knowledge of such default, sale, agreement to sell, conveyance or alienation at the time of acceptance of such payment.

8. This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the holder and owner of any note secured hereby; or, if the note has been pledged, the pledgee thereof. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural. All obligations of Trustor hereunder are joint and several.

9. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10. Beneficiary may, from time to time or at any time, substitute a Trustee or Trustees to execute the trust hereby created, and when any such substitution has been filed for record in the office of the Recorder of the

2

county in which the Property herein described is situated, it shall be conclusive evidence of the appointment of such Trustee or Trustees, and such new Trustee or Trustees shall succeed to all of the powers and duties of the Trustee or Trustees named herein.

11. In the event any one or more of the provisions contained in this Deed of Trust or in any promissory note hereby secured shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Deed of Trust or said promissory note, but this Deed of Trust and said promissory notes shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein or therein.

12. The undersigned Trustor agrees that She is entitled only to those notices required by applicable law and requests that a copy of any notice of default and of any notice of sale thereunder be mailed to Trustor at the address set forth above.

13. This Deed of Trust may be executed simultaneously in two (2) or more counterparts, each of which will be considered an original, but all of which together will constitute one and the same instrument.

Larissa Kirakosian

3

**EXHIBIT A**

DESCRIPTION OF REAL PROPERTY

The land referred to is situated in the State of California, County Los
Angeles and is commonly described as follows:

Commonly Known as 17966 Valley Vista Ave. Los Angeles, California 91316

4

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California        }
County of Los Angeles

On _____ 11/1/2017 _____, before me, _____ Vardan Grigoryan

, Notary Public, _____ personally appeared  Larissau Kirakosian

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

VARDAN GRIGORYAN
COMM. #2052015
Notary Public - California
Los Angeles County
My Comm. Expires Dec. 15, 2017

WITNESS my hand and official seal.

SIGNATURE _____

PLACE NOTARY SEAL ABOVE

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of attached document**

Title or type of document: _____ Assignment of Rent Deed of Trust

Document Date: __11-1-17__                              Number of Pages: __3__

Signer(s) Other than Named Above: _Larissa Kiralcosien_

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1920 Old Trustin Ave.
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
ARAN INVESTMENTS INC., REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
07/11/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

  Trustee: Elizabeth (SV) F Rojas (TR), cacb_ecf_sv@ch13wla.com
  U.S. Trustee: United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 07/11/2018_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

  Debtor: Larissa Kirakosian, 17966 Valley Vista, Encino, CA 91316 (U.S. Mail)
  Judge: Honorable Martin R. Barash, 21041 Burbank Boulevard, Suite 342, Woodland Hills, CA 91367 (Overnight Mail)
  Intersted Party: Salvador Mosqueda, 5554 Sedan Ave., Woodland Hills, CA 91367 (U.S. Mail)
  Intersted Party: Salvador Mosqueda, 17966 Valley Vista Blvd., Los Angeles (Encino Area), CA 91316 (U.S. Mail)

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/11/2018 | Jeremy Romero | /s/ Jeremy Romero |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.